1  CRAIG A. SIMMERMON (State Bar No. 258607)
   Attorney at Law
2  980 9th Street, 16th Floor
   Sacramento, California 95814
3  Ph. (916) 878-6656
4  craig@simmermonlaw.com

5  Attorney for Plaintiffs:
   TEMPTOOTH, INC., a California Corporation, and STEVEN JAMES HOWARD, an
6  individual

7

8              **UNITED STATES DISTRICT COURT**
               **EASTERN DISTRICT OF CALIFORNIA**
9                    **SACRAMENTO DIVISION**

10

11  TEMPTOOTH, INC., a California          Case No.:
    Corporation, and
12  STEVEN JAMES HOWARD, an               **COMPLAINT FOR**
    individual,
13                                         **COPYRIGHT INFRINGEMENT;**
                  Plaintiffs,             **AND REQUEST FOR**
14                                         **INJUNCTIVE RELIEF**
              vs.
15                                         (JURY TRIAL DEMANDED)
16  BYWABEE LLC, a Texas Limited
    Liability Company;
17  ROBERT GIST, an individual; and
    DOES 1 through 25
18
19                Defendants.

20

21       Plaintiffs TEMPTOOTH, INC. and STEVEN JAMES HOWARD alleges as follows:

22

23                    **JURISDICTION AND VENUE**

24
25       1.    This Court has original and exclusive subject matter jurisdiction of this action
26  under 28 U.S.C. §1338(a) because the action arises under the Copyright Act, 17 U.S.C. §§101
27  et seq.

28

2.     This Court has personal jurisdiction over Defendants because Defendants are engaging in commercial activities in this forum by soliciting, selling, and/or shipping commercial products to this forum thereby having purposefully availed itself of the benefits and protections of the State of California.

3.     This Court has personal jurisdiction over Defendants because Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and Defendants have caused injury to Plaintiffs and their intellectual property within the State of California and in this judicial district.

4.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action arose within this Judicial District.

5.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to this court's personal jurisdiction.

## THE PARTIES

6.     Plaintiff TEMPTOOTH, INC. is and was at all relevant times business entity with principal place of business located in the State of California.

7.     Plaintiff STEVEN JAMES HOWARD is and was at all relevant times an individual with residence located in the State of California.

8.     Plaintiffs are informed and believe, and thereon allege, that Defendant BYWABEE LLC is and was at all relevant times a limited liability company organized and existing under the laws of the State Texas with its principal place of business at: 4551 South Western, Suite 2, Amarillo, Texas, 79109.

9.     Plaintiffs are informed and believe, and thereon allege, that Defendant ROBERT GIST is and was at all relevant times a citizen of the United States, residing in the State of Texas.

10.     Plaintiffs are uninformed of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiffs will amend this complaint to allege the DOE defendants' true names and capacities when ascertained.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants was the proximate and legal cause of the Plaintiffs' damages herein alleged and that the liability of said DOE defendants arises from the matters herein alleged.

**INTRODUCTION**

11.     This dispute involves the operation of internet-based businesses that provide temporary replacement tooth products for people.  Plaintiffs and Defendants currently operate this type of business.  Plaintiffs' website is www.temptooth.com.  Defendants' website is www.amazinginstantsmile.com.

12.     Plaintiffs started selling their temporary replacement tooth products at least as early as November 6, 2009.

13.     Plaintiffs own a valid U.S. Trademark on TEMPTOOTH® with U.S. Registration Number 3,974,174 that was filed on October 18, 2010 and registered on June 7, 2011.

14.     Plaintiffs own a valid U.S. Patent on their temporary tooth product with U.S. Patent Number 8,613,874 that was filed on November 10, 2010 and issued on December 24, 2013.

15.     On or about March 15, 2016, Plaintiffs became aware of Defendants selling their temporary replacement tooth products over the Internet with packaging that is substantially similar to the packaging on Plaintiffs' temporary replacement tooth products.

16.     On March 31, 2016, Plaintiffs sent a cease and desist letter to Defendants stating that Plaintiffs believe that Defendants are violating Plaintiffs' intellectual property rights,

including Plaintiffs' copyrights, and demanding that Defendants cease and desist from all advertising and sales of all temporary replacement tooth products that infringe on Plaintiffs' intellectual property rights, including Plaintiffs' copyrights.

17.    On April 22, 2016, Defendants mailed a response letter to Plaintiffs denying any intellectual property violations, including copyright violations.

18.    On May 5, 2016, Plaintiffs filed a U.S. Copyright Application for copyright protection of Plaintiffs' custom printed retail box with certain writings and the certain graphics on it.  See *Exhibit A* - Plaintiffs' U.S. Copyright Application Printed Retail Box.

19.    On or about August 3, 2016, Plaintiffs contacted Internet sellers eBay Inc. and Amazon.com Inc. to attempt to have Defendants' temporary replacement tooth products removed from the internet sales listings on the eBay Inc. and Amazon.com Inc. websites.

20.    On or about August 7, 2016, both eBay Inc. and Amazon.com Inc. removed Defendants' temporary replacement tooth products from their Internet sales listings.

21.    On or about August 30, 2016, Defendants contacted Amazon.com Inc. and eBay Inc. to attempt to have their temporary replacement tooth products Internet sales listings reinstated on the eBay Inc. and Amazon.com Inc. websites.

22.    On August 30, 2016, Amazon.com Inc. contacted Plaintiffs to notify them that Amazon.com Inc. would reinstate Defendants' temporary replacement tooth products internet sales listings on the Amazon.com website if Plaintiffs did not respond to Amazon.com Inc. within 10 days with proof that Plaintiffs filed a lawsuit against Defendants alleging an intellectual property violation.

**FACTS COMMON TO ALL ACCOUNTS**

23.    Since as early as June 1, 2015, Plaintiffs have sold and shipped temporary replacement tooth products packaged in a custom printed retail box with certain writings and certain graphics on it.

24.     Plaintiffs sell their temporary replacement tooth products over the Internet on www.ebay.com, www.amazon.com, and www.temptooth.com.

25.     Plaintiffs sell their temporary replacement tooth products to a network of distributors on a nationwide basis.

26.     At the time of this filing, Plaintiffs have sold and shipped at least 15,000 temporary replacement tooth products packaged in this custom printed retail box with certain writings and the certain graphics.

27.     A scan of all six sides of Plaintiffs' custom printed retail box with certain writings and certain graphics is attached below as *Exhibit B* - Comparison of Retail Box Packaging.

28.     On or about March 15, 2016, Plaintiffs became aware of Defendants selling their temporary replacement tooth products on www.ebay.com, www.amazon.com, and www.amazinginstantsmile.com with packaging that is substantially similar to the packaging on Plaintiffs' temporary replacement tooth products.

29.     On or about April 28, 2016, Plaintiffs purchased a temporary replacement tooth product over the Internet from Defendants.

30.     Since that time, Plaintiffs have purchased two other temporary replacement tooth products over the Internet from Defendants.

31.     All temporary replacement tooth products that Plaintiffs purchased from Defendants were shipped directly to Auburn, California from the State of Texas.

32.     All temporary replacement tooth products that Plaintiffs purchased from Defendants were packaged and shipped in a custom printed retail box with certain writings and certain graphics on it.

33.     A scan of all six sides of Defendants' custom printed retail box with certain writings and certain graphics is attached below at *Exhibit B* - Comparison of Retail Box Packaging.

34.     *Exhibit B* - Comparison of Packaging clearly shows that Defendants' custom printed retail box with certain writings and certain graphics is substantially similar to Plaintiffs' custom printed retail box with certain writings and certain graphics.

35.     Plaintiffs are informed and believe, and thereon allege, that, prior to March 15, 2016, Defendant BYWABEE LLC and/or Defendant ROBERT GIST and/or Defendant DOE purchased at least one of Plaintiffs' temporary replacement tooth products that were packaged in Plaintiffs' custom printed retail box with certain writings and certain graphics as depicted in Exhibit B.

36.     Plaintiffs are informed and believe, and thereon allege, that, prior to March 15, 2016, Defendant BYWABEE LLC and/or Defendant ROBERT GIST and/or Defendant DOE copied the graphics from Plaintiffs' custom printed retail box with certain writings and certain graphics as depicted in Exhibit B and reproduced a substantially similar version thereof on the current packaging of its temporary replacement tooth products as depicted in Exhibit B.

37.     Plaintiffs are informed and believe, and thereon allege, that, prior to March 15, 2016, Defendant BYWABEE LLC and/or Defendant ROBERT GIST and/or Defendant DOE copied the writings from Plaintiffs' custom printed retail box with certain writings and certain graphics as depicted in Exhibit B and reproduced a substantially similar version thereof on the current packaging of its temporary replacement tooth products as depicted in Exhibit B.

38.     Plaintiffs are informed and believe, and thereon allege, that Defendants have sold and shipped a substantial number of temporary replacement tooth products packaged in their custom printed retail box with certain writings and certain graphics as depicted in Exhibit B.

39.     Plaintiffs are informed and believe, and thereon allege, that Defendants' custom printed retail box with certain writings and certain graphics as depicted in Exhibit B is substantially similar to Plaintiffs' custom printed retail box with certain writings and certain graphics as depicted in Exhibit B.

40.     Plaintiffs are informed and believe, and thereon allege, that the graphics printed on Defendants' custom printed retail box with certain writings and certain graphics as depicted in Exhibit B are substantially similar to the graphics printed Plaintiffs' custom printed retail box with certain writings and certain graphics as depicted in Exhibit B.

41.     Plaintiffs are informed and believe, and thereon allege, that the writings printed on Defendants' custom printed retail box with certain writings and certain graphics as depicted in Exhibit B are substantially similar to the writings printed Plaintiffs' custom printed retail box with certain writings and certain graphics as depicted in Exhibit B.

## COUNT I

## COPYRIGHT INFRINGEMENT - PICTORIAL AND GRAPHIC WORKS

## (17 U.S.C. §101 et seq.)

42.     Plaintiff incorporates and restates herein the allegations contained in Paragraphs 1-41 of this Complaint.

43.     Through their conduct averred herein, Defendants have infringed Plaintiffs' copyright in their custom printed retail box with certain writings and the certain graphics as depicted in Exhibit B in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

44.     Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiffs' rights.

45.     As a direct and proximate result of said infringement by Defendants, Plaintiffs are entitled to damages in an amount to be proven at trial.

46.     Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits and otherwise according to law.

47.     Plaintiffs are also entitled to statutory damages attributable to the infringement, pursuant to 17 U.S.C. § 504(c) and otherwise according to law.

48.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

49.     As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe and on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in their printed retail box with certain writings and the certain graphics as depicted in Exhibit B.  Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT II

## COPYRIGHT INFRINGEMENT - LITERARY WORKS

### (17 U.S.C. §101 et seq.)

50.     Plaintiff incorporates and restates herein the allegations contained in Paragraphs 1-49 of this Complaint.

51.     Through their conduct averred herein, Defendants have infringed Plaintiffs' copyright in their printed retail box with certain writings and the certain graphics as depicted in Exhibit B in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

52.     The rear panel of Plaintiffs' package states: "A web address link to view our instructional 3-D animated video on how to make your tooth with our high quality material" whereas the rear panel of Defendants' package states the exact same sentence: "A web address

link to view our instructional 3-D animated video on how to make your tooth with our high

quality material".

53.     However, Defendants' website www.amazinginstantsmile.com is void of any

link to any 3-D animated video because Defendants do not have any such 3-D animated video.

54.     Defendants' animated video is not 3-D or three-dimensional.

55.     Plaintiffs' animated video, on the other hand, is 3-D or three-dimensional.

56.     The blatant word-for-word copying of this sentence by Defendants in this case

where Defendants do not even have a 3-D or three-dimensional animated video is positive

proof that Defendants had access to Plaintiffs' packaging.

57.     The blatant word-for-word copying of this sentence by Defendants in this case

where Defendants do not even have a 3-D or three-dimensional animated video is positive

proof that Defendants illegally copied Plaintiffs' packaging.

58.     Defendants' acts of infringement are willful, intentional and purposeful, in

disregard of and with indifference to Plaintiffs' rights.

59.     As a direct and proximate result of said infringement by Defendants, Plaintiffs

are entitled to damages in an amount to be proven at trial.

60.     Plaintiffs are also entitled to Defendants' profits attributable to the infringement,

pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect

to such profits and otherwise according to law.

61.     Plaintiffs are also entitled to statutory damages attributable to the infringement,

pursuant to 17 U.S.C. § 504(c) and otherwise according to law.

62.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17

U.S.C. § 505 and otherwise according to law.

63.     As a direct and proximate result of the foregoing acts and conduct, Plaintiffs

have sustained and will continue to sustain substantial, immediate, and irreparable injury, for

which there is no adequate remedy at law.  Plaintiffs are informed and believe and on that basis

aver that unless enjoined and restrained by this Court, Defendants will continue to infringe

Plaintiffs' rights in their printed retail box with certain writings and the certain graphics as

depicted in Exhibit B.  Plaintiffs are entitled to preliminary and permanent injunctive relief to

restrain and enjoin Defendants' continuing infringing conduct.

### DEMAND FOR JURY TRIAL

64.     Plaintiffs demand a jury trial on all issues so triable.

### DEMAND FOR JUDGMENT AND REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment as follows:

(1) That the Court enter a judgment against Defendants that they have willfully

infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501;

(2) That the Court issue injunctive relief against Defendants, and that Defendants, their

agents, representatives, servants, employees, attorneys, successors and assigns, and all others in

active concert or participation with they, be enjoined and restrained from selling or making any

other infringing use or infringing distribution of Plaintiffs' printed retail box with certain

writings and the certain graphics as depicted in Exhibit B;

(3) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and

509(a) impounding all infringing copies of Plaintiffs' printed retail box with certain writings

and the certain graphics as depicted in Exhibit B;

(4) That the Court order Defendants to pay Plaintiffs' general, special, actual and

statutory damages as follows: Plaintiffs' damages and Defendants' profits pursuant to 17

U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. §

504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights;

1    (5) That the Court order Defendants to pay Plaintiffs both the costs of this action and

2 the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. §

3 504;

4    (6) That the Court award Plaintiffs prejudgment and post-judgment interests on any

5 monetary award in this action; and

6

7    (7) Such other further relief as the Court may deem just and proper.

8

9                                     Respectfully submitted

10

11 Dated:  _9/13/2016____              /s/*Craig A. Simmermon*_____,

12                                     Craig A. Simmermon
                                       Attorney for Plaintiffs: TEMPTOOTH, INC. and

13                                     STEVEN JAMES HOWARD

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**VERIFICATION**

3

4   Plaintiffs, being duly sworn, depose and say:

5

6        1.      I am a party to this action, and I have read the foregoing Complaint and know its

7   contents.  The matters stated in the Complaint are true based on my own knowledge, except as

8

9   to those matters stated on information and belief, and as to those matters I believe them to be

10  true.

11       2.      I declare under penalty of perjury under the laws of the United States of

12  America that the foregoing is true and correct.

13

14

15

16  */s/Steven James Howard*_____          Date:  _9/13/2016____
17  STEVEN JAMES HOWARD
    President of TEMPTOOTH, INC.
18

19

20

21  */s/Steven James Howard* _____          Date:  _9/13/2016____
22  STEVEN JAMES HOWARD
    Individual
23

24

25

26

27

28

COMPLAINT
12